**DAVIS, Plaintiff-Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4484.   Decided January 30, 1951.

John H. Winkler, Russ Bothwell, Columbus, for plaintiff-appellant.

Carl H. Valentine, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

The question presented by this appeal is whether the conditions of a certain policy of insurance have been complied with. The policy insured the life of one William L. Davis, Jr., and also contained a provision for additional benefits in the event of death by accidental means as defined therein and payable subject to the provisions of the policy. One of the provisions of the policy is "upon receipt at the home office of due proof that the death of the insured occurred as a result, * * * of bodily injuries effected solely through external, violent and accidental means, the company will pay, subject to the

provisions hereof and to the conditions and exceptions specified below, the amount of benefit in event of death by accidental means specified on the first page of this policy."

A further condition and exception stipulated is that "no such benefit shall be payable if such death results (a) from self-destruction while sane or insane, * * *."

The record reveals that in attempting to comply with the provisions of the policy the plaintiff filed with the defendant Plaintiff's Exhibits C-1 and C-2. Exhibit C-1 was claimant's statement and proof of death, assigning "hemorrhage" as the cause thereof. Plaintiff's Exhibit C-2 is a copy of the death certificate, containing the following information: "Cause of death—hemorrhage. Due to self-inflicted gun shot" * * * caused by "acute depression mental." It further provides that death was due to external causes, to wit, "suicide."

This consists of all the information given to the defendant prior to filing the suit concerning the manner in which the insured met his death. It will be noted that the information makes no suggesion of an accidental death. It is true that it states that death was caused by gunshot wound, but that the same was self-inflicted due to mental depression, and that the same was suicide. Therefore no claim was ever made to the defendant that the death was caused by accidental means in accordance with the terms of the policy. The filing of such a claim is a condition precedent to recovery unless there has been a waiver or estoppel with reference thereto. **Krasny v. Metropolitan Life Insurance Co., 143 Oh St 284;** 22 O. Jur. 729; 46 C. J. S. 396; 170 A. L. R. 1266. The term "due proof" of death by external, violent and accidental means as specified in the policy requires only prima facie evidence of such facts and does not require such certainty of proof of the facts as is required in the proof of such a claim in an action at law in case the claim is rejected by the insurer. **Blumenthal v. Metropolitan Life Insurance Co., 143 Oh St 464;** but the information given to the defendant prior to the instituting of the action was not sufficient to establish a prima facie case that the death was caused solely through external, violent and accidental means.

We are therefore of the opinion that the trial court did not èrr in instructing the jury to return a verdict in favor of the defendant at the close of the plaintiff's case.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.